## CIRCUIT COURT OF THE CITY OF RICHMOND

Commonwealth of Virginia

    v.

Christopher J. Holmes

January 26, 2016

Case Nos. CR11-F-1487-1492

BY JUDGE BEVERLY W. SNUKALS

On January 11, 2016, came the Parties, by counsel, to be heard on Defendant's Motion To Vacate the final orders of conviction dated February 2, 2012, for possession with intent to distribute cocaine in violation of Va. Code Ann. § 18.2-248, possession with intent to distribute ecstasy in violation of Va. Code Ann. § 18.2-248, possession with intent to distribute more than one-half ounce but not more than five pounds of marijuana in violation of Va. Code Ann. § 18.2-248.1, possession of a firearm by a convicted felon in violation of Va. Code Ann. § 18.2-308.2, possession of a firearm while also possessing a controlled substance with intent to distribute in violation of Va. Code Ann. § 18.2-308.4, and carrying a concealed weapon, second offense in violation of Va. Code Ann. § 18.2-308. The Defendant pleaded not guilty and was sentenced to an active sentence of seven years following a bench trial. Upon consideration of the written memoranda of the Parties and arguments of counsel, the Court finds as follows.

The Defendant asserts, and the Commonwealth concedes, that Detective Norton made false representations about the history and reliability of the confidential informant whose tip led to the search, seizure, arrest, and ultimate convictions of Defendant. The Parties stipulate that Detective Norton's actions constitute clear and convincing fraud. Thus, the Court needs only to decide whether this fraud is intrinsic or extrinsic and whether the judgments of convictions are void *ab initio*.

The Court finds that Detective Norton's actions constitute extrinsic, rather than intrinsic, fraud rendering Defendant's convictions void and subject to collateral attack by Defendant after twenty-one days from the

date of convictions. Detective Norton's false testimony under oath in this Court is distinguishable from the typical perjury found to be intrinsic fraud. Here, during a Motion To Suppress hearing, Detective Norton perjured himself regarding the history and reliability of a confidential informant. In criminal cases, the Commonwealth enjoys a privilege against disclosing the identity of confidential informants who are mere "tipsters" and not active participants in the crime. *Gray v. Commonwealth*, 233 Va. 313, 328, 356 S.E.2d 157 (1987); *Keener v. Commonwealth*, 8 Va. App. 208, 212-13, 380 S.E.2d 21 (1989). The informant in this case was a mere tipster who provided Detective Norton information about a drug deal as it was taking place involving the Defendant. Norton testified untruthfully as to the informant's history and reliability over a three year period. However, there was no procedural mechanism for the Defendant to "ferret out" the false information in Detective Norton's testimony. This is different from the typical intrinsic fraud where the parties are able to elicit false information on cross-examination or through impeachment, thus allowing a fair submission of the controversy to the court.

The Court also finds that Detective Norton's pervasive pattern of perjury outside this case involving the history and reliability of confidential informants constitutes extrinsic fraud. Misrepresentations in one case which prevents the fair submission of the issues to the court in subsequent cases may constitute extrinsic fraud. *Gulfstream v. Britt*, 239 Va. 178, 387 S.E.2d 488 (1990). Detective Norton's perjury in other cases, unknown to Defendant and the Commonwealth, prevented Defendant from impeachment of Detective Norton or independent verification of his testimony. Such fraud perverted the judicial process and prevented this Court or the Defendant from discovering the fraud through the regular adversarial process. Allowing Defendant's convictions to stand when a police officer lies under oath undermines public confidence in the judicial system. *United States v. Fisher*, 711 F.3d 460 (4th Cir. 2013).

For the above reasons, this Court hereby grants Defendant's motion and vacates Defendant's February 2, 2012, convictions in case numbers CR11-F-1487, CR11-F-1488, CR11-F-1489, CR11-F-1490, CR11-F-1491, and CR11-F-1492.